# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

Civil Case No.: _____

| | |
|---|---|
| SYNERGY INSURANCE INC., A PROTECTED CELL CAPTIVE INSURANCE COMPANY, a North Carolina corporation, FOR AND ON BEHALF OF PROTECTED CELL MM (VISION INSURANCE COMPANY),<br><br>  Plaintiff,<br><br>v.<br><br>LL BRADFORD & COMPANY, LLC, a Nevada limited liability company; STABLE DEVELOPMENT LLC, a Nevada limited liability company; LANCE K. BRADFORD, an individual; and LEILANI BRADFORD, an individual,<br><br>  Defendants. | **COMPLAINT**<br><br>**FOR DECLARATORY JUDGMENT** |

**COMES NOW** Plaintiff Synergy Insurance Inc., a Protected Cell Captive Insurance Company, a North Carolina corporation ("Synergy" or "Plaintiff"), for and on behalf of Protected Cell MM (Vision Insurance Company), by and through its undersigned counsel, and hereby files its Complaint for Declaratory Judgment against LL Bradford & Company, LLC, a Nevada limited liability company ("LL Bradford), Stable Development, LLC, a Nevada limited liability company ("Stable"), Lance K. Bradford, an individual, and Leilani Bradford, an individual (LL Bradford, Stable, Lance K. Bradford, and Leilani Bradford are collectively referred to herein as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*

1

2. This action involves Defendants' request for insurance coverage for the reimbursement of legal fees and expenses and prospective settlement payments relating to an action *styled Moonshell LLC v. Lance Bradford, et al.*, Nevada Eighth Judicial District Court Case No. A-20-822248-B filed on September 30, 2020 (the "Underlying Action").

3. As detailed below, Synergy respectfully seeks a declaration that it has no duty to reimburse legal fees or expenses or settlement payments relating to the Underlying Action under the plain language of the Vision Insurance Company Business Litigation Policy (the "Policy"). A true and correct copy of the Policy is attached as Exhibit "A" and incorporated herein by reference.

4. An actual and justiciable controversy exists among the parties for which a declaratory judgment setting forth their respective rights and obligations under the Policy is necessary and appropriate.

**PARTIES**

5. Plaintiff Synergy is a corporation organized and existing under the laws of the State of North Carolina, with is principal office in Aberdeen, North Carolina.

6. Defendant LL Bradford is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Henderson, Nevada.

7. Defendant Stable is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Henderson, Nevada.

8. Defendant Lance K. Bradford is an individual and resident of the County of Clark, State of Nevada, and, upon information and belief, contends he is a "Covered Person" under the Policy as that term is defined in the Policy.

9. Defendant Leilani Bradford is an individual and resident of the County of Clark, State of Nevada, and, upon information and belief, contends she is a "Covered Person" under the Policy as that term is defined in the Policy.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as diversity of citizenship exists between Synergy and Defendants and the amount in controversy (i.e., the claim for reimbursement relating to the Underlying Action pursuant to the Policy) exceeds the sum or value of $75,000.00, exclusive of interests and costs.

11. Venue in this District is proper, pursuant to 28 U.S.C. § 1391(b) (3), as this is the judicial district in which the Defendants are subject to the Court's personal jurisdiction with respect to the action pursuant to the agreement of the parties.

## FACTUAL ALLEGATIONS

12. LL Bradford is an accounting firm in Las Vegas, Nevada, that, upon information and belief, has since ceased operations as a result of legal issues faced by its principal, Lance K. Bradford. LL Bradford is a named insured under the Policy.

13. Stable is a real estate development and management firm in Las Vegas, Nevada. Stable is an additional insured under the Policy.

14. Upon information and belief, Lance K. Bradford and Leilani Bradford are officers, directors, management personnel or employees of LL Bradford and Stable and contend they are "Covered Persons" under the Policy as that term is defined in the Policy.

15. Protected Cell MM (Vision Insurance Company) ("Vision") is a protected cell account of Synergy pursuant to North Carolina law. Vision issued to LL Bradford, as the named insured, and Stable, as an additional insured, a Business Litigation Policy, as follows: Policy Number

VIS-BL-2019, with an Effective Date of December 31, 2019, Expiration Date of December 30, 2020, a Retroactive Date of December 31, 2016 ("Retroactive Date"), and an Initial Effective Date of December 30, 2014 ("Initial Effective Date").

16. Defendants seek reimbursement of legal expenses and prospective settlement payments in connection with the Underlying Action. The operative First Amended Complaint for Compensatory and Punitive Damages, filed December 30, 2020, is attached hereto as Exhibit B.

17. In the Underlying Action it is alleged that Defendants, in addition to several other named defendants not party to this suit and not named or additional insured parties under the Policy, engaged in a conspiracy to defraud the underlying plaintiff with respect to joint real estate investments, including causes of action for (i) Civil Conspiracy, (ii) Breach of Fiduciary Duty, (iii) Promissory Estoppel, (iv) Breach of Contract, (v) Breach of Implied Covenant of Good Faith and Fair Dealing, (vi) Unjust Enrichment, (vii) Conversion), (viii) Accounting and Constructive Trust, (ix) Quiet Title, (x) Declaratory Relief, (xi) Injunctive Relief, and (xii) Fraud.

18. Defendants' counsel have represented to Synergy's counsel that the parties in the Underlying Action have reached a tentative confidential settlement agreement that is currently being reduced to a formal confidential agreement. The terms of the agreement, and the agreement itself, are confidential and therefore are not stated or attached here. To the extent required for the prosecution of this action, the settlement agreement shall be filed under seal upon agreement of the Parties at a later time.

19. The Policy contains the following insuring provision:

> III. INSURING AGREEMENT
>
> A. Subject to the limits, conditions and exclusions contained in this **Policy**, and to any **Deductible**, **Company** will reimburse **Insured** the amount of **Covered Loss** arising from any **Claim** first made during the **Policy**

4

**Period** and reported in accordance with Section V of this **Policy** during the **Policy Period** or **Extended Reporting Period**, if applicable.

20. "Covered Loss" is defined in the Policy as follows:

   Covered Loss: Loss that is incurred by an **Insured** arising out of a **Claim**, including **Claims Expenses**, damages, settlement amounts, legal fees and costs awarded pursuant to judgments, and payments made pursuant to such **Insured's** obligation to defend or indemnify a **Covered Person**.

21. "Claims Expenses" is defined in the Policy as follows:

   Claims Expenses: Reasonable and necessary costs and fees (including audit costs, attorney fees and expert fees) and expenses (other than expenses arising out of or that related to any type of wages, salaries or fees of employees, officers and/or directors of any **Insured**) incurred and actually paid by an **Insured** as a result of or in the investigation, defense or appeal of a **Claim**.

22. Defendants seek reimbursement of legal fees and expenses and prospective settlement payments allegedly arising out of the Underlying Action.

23. The Policy contains the following exclusions:

   VI. EXCLUSIONS

   This Policy does not apply to any Covered Loss related to or caused directly or indirectly by:

   A. any actions taken by **Insured**, individually or in concert with others, intended by Insured, or that can be expected from the standpoint of a reasonable person to cause a **Covered Loss** to **Insured**;

   B. any **Claim** arising out of any act or omission that allegedly occurred prior to the **Retroactive Date**;

   C. any fact, circumstance, situation, transaction, event, or claim, which, as of the **Initial Effective Date, Insured** knew or reasonably should have known would be likely to result in the initiation of a **Claim**;

   * * * * *

   F. any liability arising out of an act that is intended by **Insured**, or can be expected from the standpoint of a reasonable person, to cause injury, even if the injury is of a different degree or type than intended or expected;

5

## COUNT I:

(Declaratory Relief against Defendants)

24. Synergy incorporates by reference paragraphs 1 through 24.

25. The amounts sought by Defendants for reimbursement under the Policy are not a "Covered Loss" as required under the Insuring Agreement of the Policy.

26. The expenses sought were not incurred by or, upon information and belief, paid by an Insured, as that term is used in the Policy. Rather, a different defendant in the Underlying Action, Par 3 Nevada, LLC, incurred and paid the expenses for which Defendants seek reimbursement.

27. Additionally, the amounts characterized by Defendants as settlement payments do not constitute a "Covered Loss" under the policy, but rather are a return of capital (with appreciation) to the plaintiff in the Underlying Action and constitute a redemption and buyout of ownership interests in business entities owning substantial real estate that were the subject of the Underlying Action.

28. The Policy contains the following Exclusion:

> VI. EXCLUSIONS
>
> This Policy does not apply to any Covered Loss related to or caused directly or indirectly by:
>
> \* \* \* \* \*
>
> B. any **Claim** arising out of any act or omission that allegedly occurred prior to the **Retroactive Date**;

29. The Retroactive Date of the Policy is December 31, 2016. Any Covered Loss as the term is defined in the Policy related to and/or was caused directly or indirectly by acts or omissions that were alleged in the Underlying Action to have occurred prior to December 31, 2016. Specifically, the First Amended Complaint in the Underlying Action alleges facts,

circumstances, situations, transactions, events, investments and/or other acts and omissions giving rise to the Underlying Action that occurred before the Retroactive Date. In particular, the Underlying Action relates to investments made by the underlying plaintiff, all of which investments occurred prior to 2014 and thus before the Retroactive Date. Moreover, the wrongful conduct alleged in the Underlying Action began at the time of the investments. Therefore, the above-referenced exclusion would apply to any Covered Loss related to the Underlying Action.

30. The Policy also contains the following Exclusion:

> VI. EXCLUSIONS
>
> This Policy does not apply to any **Covered Loss** related to or caused directly or indirectly by:
>
> \* \* \* \* \*
>
> C. any fact, circumstance, situation, transaction, event, or claim, which, as of the **Initial Effective Date**, **Insured** knew or reasonably should have known would be likely to result in the initiation of a **Claim**;

31. The Initial Effective Date of the Policy is December 30, 2014. As alleged above, the actions, facts, circumstances, and events giving rise to the Underlying Action occurred prior to December 30, 2014, and were of the type and nature that the Defendants knew or reasonably should have known would be likely to result in the initiation of the Underlying Action. Specifically, the acts giving rise to the Underlying Action include fraud and other intentional acts, and/or acts that a reasonable person would expect to cause injury, which occurred prior to the Initial Effective Date. Therefore, the above-referenced exclusion would apply to any Covered Loss related to the Underlying Action.

32. The Policy also contains the following Exclusions:

7

VI. EXCLUSIONS

This Policy does not apply to any Covered Loss related to or caused directly or indirectly by:

> A. any actions taken by **Insured**, individually or in concert with others, intended by Insured, or than can be expected from the standpoint of a reasonable person to cause a **Covered Loss** to **Insured**;
>
> * * * * *
>
> F. any liability arising out of an act that is intended by **Insured**, or can be expected from the standpoint of a reasonable person, to cause injury, even if the injury is of a different degree or type than intended or expected;

33. As alleged above, Defendants' acts which gave rise to the Underlying Action, and any liability arising therefrom, were intended by Defendants, or could be expected from the standpoint of a reasonable person, to cause injury to third persons and /or a Covered Loss by Defendants as that term is defined in the Policy. Therefore, the above-referenced exclusions would apply to any Covered Loss related to the Underlying Action.

34. The Policy contains the following insuring provisions:

> III. INSURING AGREEMENT
>
> A. Subject to the limits, conditions and exclusions contained in this **Policy**, and to any **Deductible**, **Company** will reimburse **Insured** the amount of **Covered Loss** arising from any **Claim** first made during the **Policy Period** and reported in accordance with Section V of this **Policy** during the **Policy Period** or **Extended Reporting Period**, if applicable.

35. "Covered Loss" is defined in the Policy as follows:

Covered Loss: Loss that is incurred by an **Insured** arising out of a **Claim**, including **Claims Expenses**, damages, settlement amounts, legal fees and costs awarded pursuant to judgments, and payments made pursuant to such **Insured's** obligation to defend or indemnify a **Covered Person**.

36. "Claims Expenses" is defined in the Policy as follows:

8

> Claims Expenses: Reasonable and necessary costs and fees (including audit costs, attorney fees and expert fees) and expenses (other than expenses arising out of or that related to any type of wages, salaries or fees of employees, officers and/or directors of any **Insured**) incurred and actually paid by an **Insured** as a result of or in the investigation, defense or appeal of a **Claim**.

37. In the event Defendants are entitled to coverage under the Insuring Agreement and none of the afore-mentioned exclusions apply, certain Claims Expenses as that term is defined in the Policy for which Defendants seek reimbursement were not related to a Covered Loss under the Policy. In particular, the Defendants incurred attorneys' fees and costs in the Underlying Action in pursuit of counter-claims against the underlying plaintiff. In the event it is determined coverage applies, such expenses relating to the prosecution of the counter-claims are not related to a Covered Loss, in that expenses incurred in the voluntary prosecution of affirmative claims are not a "loss" as that term is understood in ordinary usage or a Covered Loss as that term is defined in the Policy. Therefore, Synergy seeks a declaration that the amount of any fees and expenses incurred in prosecution of affirmative claims by the Defendants is not reimbursable under the Policy.

38. Similarly, Defendants seek reimbursement of legal fees and expenses voluntarily incurred in negotiating a sale of property at issue in the Underlying Action. Such fees and expenses are likewise not a "loss" as that term is used in ordinary usage or a Covered Loss as that term is defined in the Policy. Plaintiff therefore seeks a declaration that such amounts are not reimbursable under the Policy

39. Finally, the Policy contains a limit of liability of $1,000,000 per occurrence. To the extent that coverage is afforded under the Policy to the Defendants related to the Underlying Action (which Synergy denies), Synergy seeks a declaration that any such liability is limited to the policy limit of $1,000,000.00.

**WHEREFORE,** Synergy respectfully requests that the Court enter the following relief:

1. That the Court declare and decree that the Policy does not afford coverage to Defendants for the claim and expenses related to the Underlying Action currently pending before the Nevada Eighth Judicial District Court.

2. That the Court declare and decree that Vision, by and through Synergy, is not obligated in any way to pay any legal fees and expenses and settlement payments that Defendants submitted for reimbursement under the Policy relating to the Underlying Action.

3. That the Court declare and decree that, in the event coverage under the Policy is available, the amount of the claim for reimbursement of legal fees and expenses not include those fees and expenses incurred in the prosecution of affirmative claims by the Defendants.

4. That the Court declare and decree that, in the event coverage under the Policy is available, the amount of the claim for reimbursement of legal fees and expenses not include those fees and expenses incurred in the negotiation and sale of real property.

5. That the Court declare and decree that any settlement payments made are not a Covered Loss under the Policy and therefore no obligation to reimburse such payments arises under the Policy.

6. That the costs of this action be taxed against the Defendants;

7. For attorneys' fees and expenses incurred by Synergy in prosecuting this action as provided for in Section VII.B of the Policy; and

8.     For such other and further relief as the Court may deem just and proper.

This the 30th day of September, 2021.

/s/ Richard L. Pinto
Richard L. Pinto
N.C. State Bar #9412
rpinto@pckb-law.com
Deborah J. Bowers
N.C. State Bar #24937
dbowers@pckb-law.com
PINTO COATES KYRE & BOWERS, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: (336) 282-8848
Facsimile: (336) 282-8409

***Attorneys for Plaintiff***

11